UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-02084JVS(DFMx) consol with SACV 22-00067JVS(DFMx) | Date | June 8, 2022 |
| Title | James Lowther v. City of Newport Beach, et al | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Dismiss**

     On May 10, 2022, Defendant AdminSure, Inc. ("AdminSure") filed a motion to dismiss, or in the alternative, for a more definite statement pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure. See Mot., Dkt. 17. Plaintiff James Lowther ("Lowther") did not oppose the motion. However, on June 6, 2022, Lowther submitted a filing captioned as a "Request to File Stipulation Complaint." See Dkt. 28. In that filing Lowther states that he is "requesting the Court to file his First Amend[ed] Complaint within 21 days." Id. at 4.

     "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Court agrees with AdminSure that Lowther's complaint is too vague to allow it to put forth a response. See San Bernardino Pub. Emps. Ass'n v. Stout, 946 F. Supp. 790, 804 (C.D. Cal. 1996). Based on the complaint, it is unclear what causes of action are being asserted and what factual allegations support those causes of action. See Mot. at 5–7. Accordingly, the Court grants AdminSure's motion for a more definite statement.

     "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with written consent from the opposing party or the court's leave, which should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2); see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACV 21-02084JVS(DFMx) consol with SACV 22-00067JVS(DFMx) | Date  June 8, 2022 |
| Title | James Lowther v. City of Newport Beach, et al | |

1990) (requiring that policy favoring amendment be applied with "extreme liberality"). Lowther did not file an amended complaint within the twenty-one days allotted by Rule 15(a)(1). However, in light of the liberal policy in favor of amendment, the Court finds it appropriate to grant leave to amend in this instance.

The Court **GRANTS** AdminSure's request for a more definite statement and **GRANTS** Lowther twenty-one days' leave to file an amended complaint.

The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

: 0

Initials of Preparer    lmb